ROBERT A. RIVAS (SBN 196744)
E. LACEY RICE (SBN 266748)
ROPERS, MAJESKI, KOHN & BENTLEY
445 South Figueroa Street, Suite 3000
Los Angeles, CA  90071-1619
Telephone:  (213) 312-2000
Facsimile:   (213) 312-2001
Email:      robert.rivas@rmkb.com
            lacey.rice@rmkb.com

Attorneys for Plaintiff CENTRURO, S.A.P.I. DE C.V.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRURO, S.A.P.I. DE C.V., a corporation organized and existing under the laws of Mexico,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS KOHLBERG FRENCH, an individual; CABALLEROS, INC, a corporation organized and existing under the laws of the State of Virginia<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR**<br><br>**1. DECLARATION OF NON-INFRINGMENT**<br><br>**2. CANCELLATION OF TRADEMARK REGISTRATIONS**<br><br>**3. OPPOSITION TO REGISTER TRADEMARKS** |

## PARTIES

1.     Plaintiff Centruro, S.A.P.I. de C.V. (hereinafter "Centruro"), is a corporation organized and existing under the laws of Mexico and doing business in Los Angeles, California, through its exclusive importer and distributor of distilled spirits.

2.     On information and belief, Defendant Douglas Kohlberg French is an individual residing in Tulare County, California, and Oaxaca, Mexico, and doing business as Caballeros (French individually and French doing business as

Caballeros are jointly referred to hereinafter as "French"). He does business in Los Angeles County, California, promoting and marketing Scorpion Mezcal personally and through an exclusive distributor licensed by the California Department of Alcoholic Beverage Control, Pacific Edge Sales (the headquarters of which is in Los Angeles County).

3. On information and belief, Defendant Caballeros, Inc. (hereinafter "Caballeros"), is a Virginia corporation doing business in Los Angeles County, California, through its exclusive distributor licensed by the California Department of Alcoholic Beverage Control, Pacific Edge Sales, with a principal place of business in Los Angeles Country. On information and belief, Caballeros, Inc. is wholly owned by French. Caballeros is a proper party so that French cannot later assert the same or similar claims through his wholly owned corporate entity.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 2201 because Count 1 is for declaratory judgment for claims involving trademarks and an actual case or controversy exists between Plaintiff and Defendants, and because this action involves substantial claims arising under the Lanham Act, and because there is diversity of citizenship.

5. This Court has personal jurisdiction over Caballeros and French because they conduct business in the state of California in this judicial district, and because they have threatened legal action against a company doing business in Los Angeles, California.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Centruro's claims have occurred in this district and French does business in and resides in this district.

**FACTS COMMON TO ALL CLAIMS**

7. Centruro seeks protection against a threat of trademark litigation by Caballeros and French over the word "SCORPION" and its foreign equivalent, "ALACRAN," used by the parties for Mezcal and Tequila products. Centruro manufactures ALACRAN Mezcal and Tequila. Centruro markets ALACRAN Mezcal and Tequila throughout the United States including Los Angeles County, California.

8. On information and belief, French manufactures SCORPION Mezcal in Mexico. On information and belief, French is licensed by the California Department of Alcoholic Beverage Control as an importer and wholesaler, doing business in the United States under the fictitious business name Caballeros. He imports and sells at wholesale SCORPION Mezcal. French claims to be the owner of the SCORPION brand. On information and belief, he and Caballeros sell to their exclusive distributor, Pacific Edge Sales (the headquarters of which is in Los Angeles County), which then distributes to licensed retailers throughout the United States including in Los Angeles.

9. All brands and all parties have co-existed in the United States peacefully with each other's full and actual knowledge since 2010, until 2019 when French resumed his threats of litigation for the first time since a 2010 trade show to thwart the continuing growth of Centruro's ALACRAN brand. Too little, too late.

10. The history of trademark filings, threats and litigation between the parties is long, convoluted, extensive, and crosses international borders. To summarize:

    a. French filed an application with the USPTO for the SCORPION trademark and the related design mark in or about March 13, 2005, and received the Registration No. 4340359 in or about May 28, 2013.

    b. French filed an application with the USPTO for the SCORPION

     Mezcal trademark on or about March 21, 2006, and received Registration No.3841502 on or about August 31, 2010.

  c. French filed an application with the USPTO for the SCORPION Tequila trademark on or about March 26, 2006, which he later abandoned.

  d. Centruro filed an application with the USPTO for the ALACRAN trademark on or about February 26, 2010, and the application was abandoned per final Office Action due to the conflict with French on or about June 10, 2019.

  e. French filed an application with the USPTO for the ESCORPION ("Scorpion" phonetically in Spanish) trademark on or about November 25, 2015, and received Registration No. 5120883 on or about January 10, 2017.

  f. French filed an application with the USPTO for the ALACRAN (Scorpion's foreign equivalent) trademark on or about October 5, 2017, and received Serial No. 87635679.  The USPTO cited Centruro's pending application to register ALACRAN as a basis, in part, to suspend French's application.

  g. Since in or about 2012 to the present, Centruro and French have been involved in no less than ten (10) trademark cancellation proceedings in Mexico at the Mexican Industrial Property Office with each side filing against each other.

11. Centruro's Mezcal and Tequila lines use a scorpion on its packaging.  French's Mezcal line also uses a scorpion on it packaging and a dead scorpion is contained in the bottle of Mezcal, either floating or at the bottom.

12. French seeks to prevent Centruro from continuing to use the ALACRAN wordmark and design mark.  In or about 2010, when both brands entered to the United States market, French (individually and on behalf of

Caballeros, Inc.) warned Centruro at a trade show that Centruro was infringing his marks and asked Centruro to cease and desist.[1]   Centruro disagreed, and continued marketing in the United States using the ALACRAN mark and scorpion logo.

13.     From 2010 to 2019 Centruro expended a great deal of time, effort and money to grow and expand its Alacran brand in the United States.  Centruro's ALACRAN brand grew in the United States at a fast pace and entered many markets; Centruro's ALACRAN brand grew to be a large and valuable competitive business.  Nevertheless, Centruro never heard again from French despite the parties engaging in cancellation proceedings since 2012 in Mexico and despite Centruro's broad expansion throughout the United States.  However, in or about October, 2017 French filed an application with the USPTO for ALACRAN, at a time when Centruro was planning to introduce its Alacran products into Los Angeles, California.  The USPTO cited Centruro's then-pending application to register ALACRAN as a basis, in part, to suspend French's application.  Thereafter, in or about 2019, during litigation in Mexico French (individually and on behalf of Caballeros, Inc.) after nine years warned Centruro to cease and desist infringing French's trademark in the United States, and Los Angeles, California, in particular; and threatened to sue to recover monetary and injunctive relief.  On information and belief, the amount of money Kohlberg would claim exceeds $75,000.

14.     Consumers are not likely to believe any of the goods are related.  French acquiesced since 2010.  The goods have been sold in many of the same markets and retailers, and there has not been any actual confusion whatsoever.  Centruro is not infringing any SCORPION trademark.  French's trademark registrations relevant to this dispute should be cancelled.  French's pending

---

[1] The trademark application history of French at the USPTO regarding the date of first legal use and by whom is suspicious, confusing and convoluted, to say the least.  Centruro has serious reservations regarding the date of first lawful use and legal and authorized first sale in the United States of Scorpion Mezcal that contains a dead scorpion within the bottle.

ALACRAN application should not proceed to registration. This matter is ripe for a declaratory judgment.

15. Centruro seeks relief on the grounds that the marks that are the subject of these applications and registrations are not registrable because French abandoned the marks, acquiesced and simply failed to police the marks in the United States, and is now belatedly attempting to enforce his marks.

## FIRST CLAIM FOR RELIEF
## (Declaration of Non-Infringement)

16. Centruro incorporates paragraphs 1 through 15 herein by reference.

17. Centruro's ALACRAN Tequila and Mezcal products use the word "Alacran" which is the foreign equivalent in Spanish of "Scorpion" and have a scorpion logo on the front label on the bottle. French's SCORPION Mezcal products use the word "Scorpion" and have a scorpion logo on the front label of the bottle and a dead scorpion contained in the bottle itself, floating or at the bottom.

18. French acquiesced to Centruro's use of the ALACRAN mark and logo by failing to police the SCORPION mark while the ALACRAN brand grew rapidly and outsold SCORPION by far in many markets including New York, Florida and is now in California and Los Angeles in particular.

19. An actual, present, and justiciable controversy has arisen between Centruro and French concerning their respective marks. All parties have adverse legal interests. French has made clear to Centruro his belief that their trademarks are currently being infringed by Centruro, especially now that Centuro has entered the Los Angeles, California, market; and Centruro has denied any wrongdoing. The dispute is substantial, definite and immediate, and not hypothetical.

20. A declaratory judgment of non-infringement should be entered in Centruro's favor.

21. In order to resolve the legal and factual questions raised by French and Caballeros and to afford relief from the uncertainty and controversy which their

assertions have precipitated, Centruro is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-02.

## SECOND CLAIM FOR RELIEF

**(Cancellation of Federal Registration Nos. 4340359, 3841502, and 5120883 for Abandonment through Acquiescence)**

22. Centruro incorporates paragraphs 1 through 21 herein by reference.

23. Centruro believes that it will be damaged by the continued registration of Registration Nos. 78586170, 3841502, and 5120883, and hereby petitions to cancel these registrations on the grounds that the marks that are the subject of these registrations have been abandoned through acquiescence and failure to police.

## THIRD CLAIM FOR RELIEF

**(Denial of Federal Registration of Marks in USPTO Application Serial No. 87635679)**

24. Centruro incorporates paragraphs 1 through 23 herein by reference.

25. Centruro believes that it will be damaged by the registration of the marks that are the subject of U.S. Application Serial No. 87635679 and hereby seeks denial of federal registration of these marks on the grounds that the marks that are the subject of these applications are not registrable because Centruro's prior use beginning in 2010, and French has abandoned his registered SCORPION marks through acquiescence and failure to police.

## PRAYER FOR RELIEF

WHEREFORE, Centruro prays for the following relief:

1. A judgment declaring that Centruro's ALACRAN trademark and brand do not infringe any trademark rights owned by French;

2. A judgment declaring that Centruro has the right to use ALACRAN and the Scorpion logo on products sold and offered for sale by Centruro, free from interference by French and Caballeros, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and any and all persons acting in

active concert or participation with or under authority from Kohlberg or Caballeros;

3. A judgment ordering that French and Caballeros, its officers, agents, employees, attorneys, privies, representatives, successors and assigns, and any and all persons in active concert or participation with or under authority from Kohlberg or Caballeros, be permanently enjoined from:

    a. Interfering with or threatening to interfere with the use of ALACRAN and the Scorpion logo by Centruro, its related companies, successors or assigns, in connection with its or their business;

    b. Instituting or prosecuting any suit or other proceeding placing in issue the right of Centruro or said related companies, successors or assigns to use ALACRAN and the scorpion logo in connection with products sold or offered for sale by Centruro;

4. A judgment ordering the cancellation of Registration Nos. 78586170, 3841502, and 5120883;

5. A judgment ordering the denial of registration of Application Serial No. 87635679;

6. An award of costs in this action;

7. A finding that this case is "exceptional" within the meaning of 15 U.S.C. § 1117 and a corresponding award of attorneys' fees in Centruro's favor; and

8. For such other, further, or different relief as the Court deems just and proper.

Dated: January 15, 2020        ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Robert A Rivas
ROBERT A. RIVAS
E. LACEY RICE
Attorneys for Plaintiff
CENTRURO, S.A.P.I. DE C.V.